UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SERENA WILLIAMS,

Plaintiff,

Case # 13-CV-6488-FPG

v.

DECISION & ORDER

AMALGAMATED TRANSIT UNION LOCAL 282,

Defendant.

## INTRODUCTION

Plaintiff Serena Williams ("Plaintiff") brings this action against Defendant Amalgamated Transit Union Local 282 (the "Union" or "Defendant"). Plaintiff's initial Complaint, which she filed *pro se*, alleged race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and violation of the Union's duty of fair representation. ECF No. 1. Plaintiff's Amended Complaint made the same allegations and sought additional relief under the New York State Human Rights Law, Executive Law § 290 ("NYSHRL"), NY CLS CPLR §§ 201, *et seq.* (2010) (ECF No. 9), however neither party has since mentioned this claim and thus it is deemed abandoned. Plaintiff ultimately retained counsel. ECF No. 13. Thereafter, by Stipulation and Order, the parties agreed to dismiss the breach of duty of fair representation claim with prejudice. ECF No. 17.

Defendant answered the Complaint and Amended Complaint (ECF Nos. 5, 10). It later moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF No. 27. Plaintiff responded in opposition to Defendant's Motion for Summary Judgment (ECF No. 29), and Defendant submitted a reply in support of its motion (ECF No. 30).

For the reasons that follow, Defendant's Motion for Summary Judgment is GRANTED (ECF No. 27), and Plaintiff's Amended Complaint (ECF No. 9) is DISMISSED WITH PREJUDICE.

## BACKGROUND

### I.   Undisputed Facts[1]

Plaintiff began working for Regional Transit Service ("RTS") as a bus operator on December 25, 2000.  She last worked as a bus operator on January 11, 2011 due to a shoulder injury that interfered with her ability to drive a bus.  Her employment was formally terminated on January 11, 2012.

The Union appealed Plaintiff's termination and represented her at first and second step hearings.  The Union scheduled an arbitration regarding Plaintiff's termination for August 13, 2012.  Before the arbitration, the Union sought legal advice as to the merits of Plaintiff's grievance.  On August 9, 2012, the Union withdrew its demand to arbitrate Plaintiff's termination.

It is undisputed that RTS, not the Union, terminated Plaintiff's employment.[2]  Between January 11, 2011, and August 2012, Plaintiff did not receive a medical release to return to work.  Plaintiff also never requested that RTS or the Union provide her with a reasonable accommodation at work.  Since Plaintiff left work on January 11, 2011, she remained disabled and thus cannot perform the duties of a bus operator.

### II.   Present Action

In Defendant's Motion for Summary Judgment, it seeks dismissal of Plaintiff's claims on the grounds that Plaintiff failed to produce evidence of either racial or disability discrimination.

---

[1]     Unless otherwise stated, the following facts are taken from the parties' respective Local Rule 56 Statements (ECF Nos. 27-1, 29-1).

[2]     It is worth noting that the Union is the sole defendant in this case and that Plaintiff did not sue RTS.

In response, Plaintiff argues that the Union condoned or ratified RTS's discriminatory practices, an argument not raised in either of Plaintiff's Complaints, and that Plaintiff's ADA claim concerns conduct that fell within the scope of the EEOC investigation, a matter that is not at issue in this case.  Plaintiff fails to address Defendant's Title VII arguments, and thus this claim is deemed abandoned.[3]  Accordingly, Plaintiff's sole remaining claim is for disability discrimination in violation of the ADA.  For the reasons that follow, Plaintiff failed to set forth a prima facie case under the ADA and thus Defendant's Motion for Summary Judgment is GRANTED.

## LEGAL STANDARD

A party is entitled to summary judgment "if the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted).

When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the non-moving party.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).  To establish a material issue of fact, the non-movant need only provide "sufficient evidence supporting the claimed factual dispute" such that a "jury or judge [is required] to resolve the parties' differing versions of the truth at trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

---

[3]      "[F]ederal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way." *Wecare Holdings, LLC v. Bedminster Int'l Ltd.*, No. 08-CV-6213, 2009 WL 604877, at *7-8 (W.D.N.Y. Mar. 9, 2209) (quoting *Taylor v. City of New York*, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003)); *see also Davidson v. Desai*, 817 F. Supp. 2d 166, 187 (W.D.N.Y. 2011) ("Plaintiff's failure to oppose Defendants' motion seeking summary judgment on this claim, by itself, gives the court reason to deem the claim abandoned."). Plaintiff fails to mention the Title VII claim in her responding papers and simply concludes that Defendant's Motion for Summary Judgment should be denied "in part." ECF No. 29, at 16.

248-49 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). If, after considering the evidence in the light most favorable to the non-moving party, the Court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. *Scott*, 550 U.S. at 380 (citing *Matsushita*, 475 U.S. at 586-587).

## DISCUSSION

To establish a *prima facie* case under the ADA, the plaintiff must show by a preponderance of the evidence that, *inter alia*, he or she "was otherwise qualified to perform the essential functions of his [or her] job, with or without reasonable accommodation." *McMillian v. City of New York*, 711 F.3d 120, 125 (2d Cir. 2013) (citation omitted).

"[F]or the purposes of the ADA, a 'qualified individual' is 'an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.'" *McBride v. BIC Consumer Prods. Mfg. Co., Inc.*, 583 F.3d 92, 96 (2d Cir 2009) (quoting 42 U.S.C. § 12111(8)). Here, Plaintiff failed to produce evidence or even allege that she is a "qualified individual," *i.e.*, that she can perform the essential functions of her employment position. In fact, it is undisputed that since Plaintiff left work on January 11, 2011, she remained disabled and thus cannot perform the duties of a bus operator. ECF No. 29-1, at 6. In a deposition, Plaintiff acknowledged that between her injury in January 2011 and the date on which her arbitration was scheduled in August 2012 her doctor did not release her to return to work. ECF No. 27-3, at 4-9. Thus, Plaintiff failed to demonstrate that

she was qualified for the bus operator position or any other RTS position. *McBride*, 583 F.3d at 99 (finding that summary judgment in favor of the defendant was appropriate where the plaintiff "presented no evidence that, at or about the time of her termination, there existed a vacant position at [the defendant employer] for which she was qualified").

Moreover, it is undisputed that Plaintiff did not request a reasonable accommodation from RTS or the Union. ECF No. 29-1, at 5. "The plaintiff bears the burdens of both production and persuasion as to the existence of some accommodation that would allow her to perform the essential functions of her employment[.]" *McBride*, 583 F.3d at 97 (citations omitted) (finding that summary judgment in favor of the defendant was proper where the plaintiff "provided no evidence that there existed any potential accommodation that would have allowed her to continue to work"). Thus, Plaintiff's ADA claim must fail. *See Lockard v. Gen. Motors Corp.*, 52 F. App'x 782, 787 (6th Cir. 2002) ("Consequently, summary judgment was proper since [the plaintiff] failed to establish a prima facie case of discrimination by failing to present evidence that she properly requested an accommodation and because the record shows that she refused to submit to the necessary procedures for doing so.").

## CONCLUSION

For the reasons stated, Defendant's Motion for Summary Judgment (ECF No. 27) is GRANTED. Plaintiff's Amended Complaint (ECF No. 9) is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: May 19, 2016
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

5