UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SERENA WILLIAMS,

                        Plaintiff,

v.

                                                  Case # 13-CV-6488-FPG

                                                  DECISION AND ORDER

AMALGAMATED TRANSIT UNION LOCAL 282,

                        Defendant.

## INTRODUCTION

Plaintiff Serena Williams ("Plaintiff") originally brought this action on September 11, 2013 against Defendant Amalgamated Transit Union Local 282 (the "Union" or "Defendant"). Plaintiff's initial Complaint, which she filed *pro se*, alleged race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and violation of the Union's duty of fair representation. ECF No. 1. Plaintiff's Amended Complaint made the same allegations and sought additional relief under the New York State Human Rights Law, Executive Law § 290 ("NYSHRL"), NY CLS CPLR §§ 201, *et seq.* (2010). ECF No. 9. Plaintiff ultimately retained counsel. ECF No. 13. Thereafter, by Stipulation and Order, the parties agreed to dismiss the breach of duty of fair representation claim with prejudice. ECF No. 17.

On January 6, 2016, Defendant moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF No. 27. By Decision and Order dated May 19, 2016, the Court granted Defendant's Motion for Summary Judgment and dismissed the case. ECF No. 31.

Presently before the Court is Plaintiff's Motion for Reconsideration and Defendant's Motion to Strike Plaintiff's reply memoranda. ECF Nos. 33, 37. The Motion to Strike is DENIED, and the Court has considered Plaintiff's reply memorandum (ECF No. 36) in determining the Motion for Reconsideration. For the reasons that follow, Plaintiff's Motion for Reconsideration is GRANTED and, after such reconsideration and deliberation, the Court adheres to its original conclusion that Defendant is entitled to summary judgment, and will expound upon the reasoning for that decision below.

## DISCUSSION

Rule 60 of the Federal Rules of Civil Procedure governs relief from a court judgment or order and therefore applies to Williams's Motion for Reconsideration. Fed. R. Civ. P. 60. The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "A motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc.*, 684 F.3d at 52 (citation omitted). Accordingly, on a motion for reconsideration, a party may not merely offer the same "arguments already briefed, considered and decided," nor may a party "advance new facts, issues

or arguments not previously presented to the Court." *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990).

Here, Plaintiff argues that the Court erred when it held that she abandoned her NYSHRL claim, and that granting summary judgment on the NYSHRL claim was inappropriate. Specifically, Plaintiff now argues that "Defendant failed to identify Plaintiff's claim in violation of NYSHRL on which they sought summary judgment," and in responding to the summary judgment motion, "Plaintiff did not present evidence on her NYSHRL claim as it was not raised by Defendant on which they sought summary judgment." ECF No. 33-1, at 5-6.

To be clear, in the original summary judgment decision, the Court held that subsequent to filing the Complaint, "neither party has since mentioned this claim and thus it is deemed abandoned." ECF No. 31, at 1. The Court will take this opportunity, by way of this motion to reconsider, to clarify its holding in this regard.

In moving for summary judgment, Defendant argued that "judgment should be entered in favor of the Defendant dismissing Plaintiff's case in its entirety." ECF No. 27. While it is true that the Defendant's Memorandum of Law refers to "three causes of action" that were brought as "race discrimination in violation of Title VII of the Civil Rights Act, disability discrimination in violation of the Americans with Disabilities Act, and violation of the Union's duty of fair representation," ECF No. 27-6, at 1, that same page makes clear that Defendant's summary judgment motion seeks "dismissal of Plaintiff's claims for race and disability discrimination." *Id.*

Interestingly, Plaintiff's response to the summary judgment motion describes her Complaint as follows:

> This is a labor organization lawsuit filed by Williams against Local 282, her former union, in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e et seq (herein "Title VII") and the Americans with Disabilities Act, as codified, 42 U.S.C. §§ 12112 et seq. (herein "ADA") in relation to Local 282's role in ratifying Williams' former employer's discriminatory practice of terminating disabled employees under the guise of a facially neutral employment policy pursuant to the collective bargaining agreement.

ECF No. 29 at 3, "Introduction."

In responding to the summary judgment motion, Plaintiff did not argue that material issues of fact existed on her Title VII claims in any fashion. *See* ECF No. 29. Rather, her 17 page memorandum focused exclusively on responding in support of her ADA claims, but then concluded with the terse statement that "For the foregoing reasons, Williams respectfully requests that the Court deny Local 282's Motion for Summary Judgment *in part*." *Id.* at 16 (emphasis added). Of course, denying the summary judgment motion "in part" necessarily implies that Plaintiff agrees that the summary judgment motion should be granted, at least in the other part. While there is no explanation as to what Plaintiff meant by "in part," there is only one logical conclusion and the implication is clear: that Plaintiff was opposing summary judgment regarding the ADA claims, and was not opposing summary judgment regarding the Title VII claims.

As noted in the original summary judgment decision, the Court dismissed the Title VII claim because Defendant moved for summary judgment on that claim and Plaintiff failed to address the argument in any way. *Id.* at 3; *see Davidson v. Desai*, 817 F. Supp. 2d 166, 187 (W.D.N.Y. 2011) ("Plaintiff's failure to oppose Defendants' motion seeking summary judgment on this claim, by itself, gives the court reason to deem the claim abandoned.").

What could have been clearer in the original decision is this: Because Plaintiff abandoned her Title VII claim, it follows that Plaintiff also abandoned her NYSHRL claim. This is so

because "claims brought under New York State's Human Rights Law are analytically identical to claims brought under Title VII." *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 107 n.10 (2d Cir. 2011) (citation omitted); *Henry v. NYC Health & Hosp. Corp.*, 18 F. Supp. 3d 396, 403 (S.D.N.Y. 2014) ("The Court analyzes the substantive claims brought under Title VII and NYSHRL law together, because the substantive standards for liability under these sources of law are coextensive.").

It is well settled that the burden of proof and production for employment discrimination claims under Title VII and the NYSHRL are identical. *See Hyek v. Field Support Servs., Inc.*, 461 F. App'x 59, 60 (2d Cir. 2012) ("Claims brought under the NYSHRL 'are analyzed identically' and 'the outcome of an employment discrimination claim made pursuant to the NYSHRL is the same as it is under ... Title VII.'"). Indeed, there are numerous cases that enact this proposition and, even where the NYSHRL claims are not separately analyzed, courts – including the Second Circuit – acknowledge that this is of no moment, since the analysis of the Title VII claim is the same analysis as the NYSHRL claims. *See Smith v. Xerox Corp.*, 196 F.3d 358, 363 n.1 (2d Cir. 1999), *overruled on other grounds by Meacham v. Knolls Atomic Power Lab.*, 461 F.3d 134, 140-41 (2d Cir. 2006) ("Beyond mentioning that the plaintiffs alleged violations of the New York State Human Rights Law, the district court did not explicitly evaluate the plaintiffs' claims under that law. However, since claims under the NYSHRL are analyzed identically to claims under the ADEA and Title VII, the outcome of an employment discrimination claim made pursuant to the NYSHRL is the same as it is under the ADEA and Title VII. Accordingly, we will not address the NYSHRL claims separately.") (citation omitted).

It is also well settled that where, as here, a counseled non-moving party submits "a partial response arguing that summary judgment should be denied as to some claims while not

mentioning others," that response "may be deemed an abandonment of the unmentioned claims." *Jackson v. Fed. Express*, 766 F.3d 189, 195 (2d Cir. 2014). Even where "abandonment by a counseled party is not explicit but such an inference may be fairly drawn from the papers and circumstances viewed as a whole, district courts may conclude that abandonment was intended." *Id.* at 196. When viewing Plaintiff's papers as a whole, it is clear that she has intentionally abandoned her Title VII claims. Since those claims are identical in every meaningful way – in terms of proof, burdens of production and persuasion, and analysis of the claims – she has also abandoned her corresponding NYSHRL claims. Again, Plaintiff's response is completely silent as to any Title VII cause of action, presents no evidence to support the validity of that claim, and does not even mention any claims outside of the ADA context.

Of particular interest here is that Plaintiff does not make any argument to this Court on this reconsideration motion as to the underlying merits of her NYSHRL claim, nor does Plaintiff argue that the dismissal of the Title VII claim was improper. Rather, her only argument is that because Defendant did not specifically move against the NYSHRL claim, the Court's dismissal of the NYSHRL claim – which is done in tandem with the Title VII claim – was procedurally improper. This argument is without merit. As previously stated, the Title VII claim and the NYSHRL claim are analytically identical. Plaintiff's counsel is well aware of this fact, since he has practiced in the area of employment law for several years and has himself cited to the Court the well settled principal of law that NYSHRL claims are analyzed and decided in tandem with their federal law counterparts. *See, e.g. Dobbins v. American Red Cross*, W.D.N.Y. Case No. 12-CV-6364-FPG, Plaintiff's Memorandum of Law Opposing Summary Judgment, ECF No. 37, at 20 ("Courts rely on federal law when determining claims under the New York State Human Rights Law, N.Y. EXEC. LAW § 296 et seq. *Knight v. N.Y. City Hous. Auth.*, No. 03-civ-2746,

2007 U.S. Dist. LEXIS 9148, at *29 (S.D.N.Y. Feb. 2, 2007). In fact, age discrimination claims brought under the NYHRL are considered in tandem with ADEA claims. Abdu-Brisson v. Delta Air Lines, 239 F.3d 456, 466 (2d. Cir. 2001).")

For all of these reasons, there is no merit to Plaintiff's contention that the Court erred in dismissing the NYSHRL claims that correspond to the Title VII claims that were also dismissed on Defendant's summary judgment motion.

## CONCLUSION

For the reasons stated, Plaintiff's Motion for Reconsideration (ECF No. 33) is GRANTED and, after reconsideration, the Court adheres to its prior ruling which granted Defendant's summary judgment motion, but with a clarification as to the Court's reasoning as explained in this Decision and Order.  Defendant's Motion to Strike (ECF No. 37) Plaintiff's reply memorandum is DENIED.

This case remains closed.

IT IS SO ORDERED.

Dated: March 20, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court